**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EPHRAIM KIRKPATRICK,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER PLITMAN, et al.,<br><br>　　　　　　Defendants. | NO. CV 11-5326 JVS (SS)<br><br>**MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On July 6, 2011, plaintiff Ephraim Kirkpatrick ("Plaintiff"), a California state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (the "Complaint") against various defendants. For the reasons stated below, the Complaint is dismissed with leave to amend.[1]

---

[1] Magistrate Judges may dismiss a complaint with leave to amend without approval of the district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

1  Congress mandates that district courts perform an initial screening
2 of complaints in civil actions where a prisoner seeks redress from a
3 governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may
4 dismiss such a complaint, or any portions thereof, before service of
5 process if it concludes that the complaint (1) is frivolous or
6 malicious, (2) fails to state a claim upon which relief can be granted,
7 or (3) seeks monetary relief from a defendant who is immune from such
8 relief. 28 U.S.C. § 1915A(b)(1-2); see also Lopez v. Smith, 203 F.3d
9 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

**II.**

**ALLEGATIONS OF THE COMPLAINT**

Plaintiff alleges that the following fourteen named defendants violated his civil rights: (1) Officer Plitman, badge no. 40115 ("Officer Plitman"); (2) Officer Davenport, badge no. 40125 ("Officer Davenport"); (3) Officer Magana, badge no. 37647 ("Officer Magana"); (4) Lieutenant Pardo, badge no. 22865 ("Lt. Pardo"); (5) Officer Rylko, badge no. 40125 ("Officer Rylko"); (6) Officer Mejia, badge no. 25943 ("Officer Mejia"); (7) Sergeant Lewis, badge no. 30713 ("Sgt. Lewis"); (8) Sergeant Tango, badge no. 32036 ("Sgt. Tango"); (9) Officer Capra, badge no. 40470 ("Officer Capra"); (10) Officer Gallegos, badge no. 30702 ("Officer Gallegos"); (11) Officer Reyes, badge no. 40499 ("Officer Reyes"); (12) Detective Gonzalez, badge no. 30391 ("Det. Gonzalez"); (13) the City of Los Angeles (the "City"); and (14) the Los Angeles Police Department (the "Police Department") (collectively, "Defendants"). (Complaint at 1, 3). Plaintiff is also suing seven "John Doe" officers whose names are unknown to him (the "Doe

1  Defendants"). (Id. at 1). The Complaint does not state whether
2  Plaintiff is suing Defendants in their individual or official
3  capacities. (See generally id. at 1-3).
4
5      Although Plaintiff's allegations are unclear, the Complaint appears
6  to allege a single cause of action for excessive force against all
7  Defendants. (See Complaint at 3-5). Plaintiff alleges that on the
8  night of March 7, 2011, while he was staying at a friend's house, police
9  officers broke the back window of the home and shot Plaintiff in the
10 torso, back and foot, fracturing three ribs and permanently disabling
11 him. (Id. at 3-4). Specifically, Plaintiff alleges that Officer
12 Plitman, "shooting from outside the house inside at [Plaintiff]," shot
13 him in the back and foot. (Id. at 4). Plaintiff also claims that
14 Officer Plitman shot one of Plaintiff's friends in the same incident,
15 knocking her unconscious. (Id.). Plaintiff further alleges that after
16 he was shot in the back, Officer Magana and Officer Davenport entered
17 the home through the broken back window and handcuffed and arrested
18 Plaintiff and two of his friends. (Id. at 5). Plaintiff alleges that
19 as he and his friends were being led outside the house, "one of the
20 officer's [sic] slamed [sic] [Plaintiff's female friend] to the ground"
21 and dragged her, injuring her leg. (Id.). Finally, Plaintiff alleges
22 that Lt. Pardo, realizing that "his 8 officers['] actions we're [sic]
23 unjust . . . covered up their wrongdoing" and falsely "charged
24 [Plaintiff and his friends] with resisting arrest." (Id.).
25
26     Plaintiff seeks compensatory and punitive damages in amounts
27 "according to proof," as well as attorneys' fees and costs of suit.
28 (Complaint at 3).

## III.

## DISCUSSION

Under 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's Complaint due to defects in pleading.  Pro se litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. See Lopez, 203 F.3d at 1128-29.  Accordingly, the Court grants Plaintiff leave to amend, as indicated below.

### A. Plaintiff's Claims Against The City Of Los Angeles Must Be Dismissed For Failure To State A Claim

Plaintiff names the City of Los Angeles as a defendant. (Complaint at 1, 3).  When an individual sues a local government for violation of his constitutional rights, the municipality is liable only if the individual can establish that the local government "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694-95, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). In Monell, however, the Supreme Court specifically rejected governmental liability based on the doctrine of respondeat superior. Monell, 436 U.S. at 691-94.  Thus, a government body cannot be held liable under section 1983 merely because it employs a tortfeasor. Id.

The Complaint alleges that individual Defendants shot and arrested Plaintiff and his friends and then brought false charges against them.

1  (Complaint at 3-5). Although the Complaint does not explain why
2  Plaintiff believes the City is liable, it is possible that Plaintiff is
3  trying to hold the City responsible for the actions of its police
4  officers. However, this theory of vicarious liability is specifically
5  precluded by <u>Monell</u>. <u>Monell</u>, 436 U.S. at 691-94.

7  The Complaint does not identify any specific City policy, as
8  required by <u>Monell</u>, that caused Plaintiff's alleged injuries. The
9  isolated incident described in the Complaint does not suffice to state
10 a claim against the City for an unconstitutional policy. "A plaintiff
11 cannot prove the existence of a municipal policy or custom based solely
12 on the occurrence of a single incident of unconstitutional action by a
13 non-policymaking employee." <u>Davis v. City of Ellensburg</u>, 869 F.2d 1230,
14 1233 (9th Cir. 1989); <u>see also</u> <u>Thompson v. City of Los Angeles</u>, 885 F.2d
15 1439, 1444 (9th Cir. 1989) (noting that "proof of random acts or
16 isolated events are insufficient to establish a custom" within the
17 meaning of <u>Monell</u>). Accordingly, the Complaint is dismissed with leave
18 to amend.

20 **B.** **<u>The Los Angeles Police Department Is Not A Proper Defendant</u>**

22 Section 1983 provides a cause of action against any "person" who,
23 under color of law, deprives an individual of federal constitutional
24 rights or limited federal statutory rights. 42 U.S.C. § 1983. The term
25 "person" includes state and local officials sued in their individual
26 capacities and local governmental entities. <u>Cortez v. County of Los
27 Angeles</u>, 294 F.3d 1186, 1188 (9th Cir. 2002); <u>Vance v. County of Santa
28 Clara</u>, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996). It does not, however,

5

encompass municipal departments. See United States v. Kama, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (noting that municipal police departments and bureaus are generally not considered "persons" within the meaning of section 1983); Vance, 928 F. Supp. at 995-96 (dismissing sua sponte Santa Clara Department of Corrections as improper defendant). Although Plaintiff does not specifically allege what he believes the Los Angeles Police Department, as a unit, did to violate his constitutional rights, it is clear that as a department of the City of Los Angeles, the Police Department is not a proper defendant in Plaintiff's section 1983 action. Therefore, the Complaint must be dismissed and Plaintiff is instructed to omit the Police Department as a defendant in any amended complaint, to the extent his claims are based on civil rights violations.

**C.    Plaintiff Fails To State Whether Defendants Are Sued In Their Individual Or Official Capacities**

According to Federal Rule of Civil Procedure 9(a), a plaintiff must specifically plead the capacity in which a defendant is being sued "to the extent required to show the jurisdiction of the court." The Complaint does not specify whether Plaintiff is attempting to sue the Defendants in this case in their individual or official capacities. (See Complaint at 1, 3). However, the court has an obligation to liberally construe a pro se complaint. Haines v. Krener, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Because damages are unavailable from individual defendants when they are sued in their official capacity, the Court assumes that Plaintiff is suing the individual defendants in this case in their individual capacity.

Community House, Inc. v. City of Boise, Idaho, 623 F.3d 945, 966-67 (9th Cir. 2010). Any amended complaint should clearly state whether Plaintiff is suing defendants in their individual or official capacities.

**D.  The Complaint Fails To State A Claim Against Defendants Officer Rylko, Officer Mejia, Sergeant Lewis, Sergeant Tango, Officer Capra, Officer Gallegos, Officer Reyes And Detective Gonzalez**

The Complaint names as defendants Officer Rylko, Officer Mejia, Sergeant Lewis, Sergeant Tango, Officer Capra, Officer Gallegos, Officer Reyes and Detective Gonzalez. (Complaint at 3). However, Plaintiff's Statement of Claim does not include any specific allegations involving these Defendants. Plaintiff must establish that Defendants had personal involvement in the civil rights violation or that their action or inaction caused the harm suffered. Starr v. Baca, ___ F.3d ___, 2011 WL 2988827 at *2 (9th Cir. July 25, 2011). Plaintiff's Complaint fails to show how these Defendants personally participated in any constitutional violation or caused the harm in some way, and must, therefore, be dismissed with leave to amend.

**E.  Plaintiff Fails to State A Claim Against The Doe Defendants**

Generally, actions against "unknown" defendants are disfavored. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). A plaintiff may sue unnamed defendants when the identity of the alleged defendants is not known prior to the filing of the complaint. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). In such a situation, a

court gives the plaintiff "the opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Id. A plaintiff must diligently pursue discovery to learn the identity of unnamed defendants.

Here, however, the claims against the Doe Defendants must be dismissed because Plaintiff has failed to show how the Doe Defendants participated in the alleged constitutional violations. There are no specific factual allegations involving the Doe Defendants in the Complaint. Accordingly, the claims against the Doe Defendants are dismissed with leave to amend.

**F.   Plaintiff's Claims May Be Barred By Heck v. Humphrey**

Under Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), a section 1983 complaint must be dismissed if judgment in favor of the plaintiff would undermine the validity of his conviction or sentence, unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id. at 487; see also Wilkinson v. Dotson, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005) (confirming that the Heck doctrine applies regardless of the type of relief sought if "success in [an] action would necessarily demonstrate the invalidity of confinement or its duration"). Specifically, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

1 determination, or called into question by a federal court's issuance of
2 a writ of habeas corpus." Heck, 512 U.S. at 486-87.

4     It is unclear whether Plaintiff is attempting to assert claims of
5 improper arrest and the filing of false charges in addition to excessive
6 force. All three claims are potentially barred by Heck, however,
7 depending on the circumstances of the shooting and arrest and the
8 charges for which Plaintiff was convicted. If judgment in favor of
9 Plaintiff in the instant action would undermine the validity of his
10 conviction, Plaintiff's claims may not be brought in a section 1983
11 action unless Plaintiff establishes that the conviction has been
12 invalidated. The allegations in the Complaint are not sufficient for
13 the Court to ascertain the relation, if any, between the incident
14 described in the Complaint and Plaintiff's conviction and incarceration.
15 Consequently, the Complaint must be dismissed with leave to amend.

17 **G.**    **Plaintiff's Complaint Violates Federal Rule Of Civil Procedure 8**

19     Federal Rule of Civil Procedure 8(a)(2) requires that a complaint
20 contain "'a short and plain statement of the claim showing that the
21 pleader is entitled to relief,' in order to 'give the defendant fair
22 notice of what the . . . claim is and the grounds upon which it rests.'"
23 Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167
24 L. Ed. 2d 929 (2007). Rule 8(e)(1) instructs that "[e]ach averment of
25 a pleading shall be simple, concise, and direct." A complaint violates
26 Rule 8 if a defendant would have difficulty responding to the complaint.
27 Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d
28 1047, 1059 (9th Cir. 2011).

Plaintiff's Complaint does not comply with the standards of Rule 8.  Plaintiff's vague claims fail to clearly identify the nature of each individual claim, the incident giving rise to each of those claims, and the specific Defendants, including Doe Defendants, Plaintiff believes are liable for those claims.  For example, although Plaintiff's allegations generally appear to be an attempt to state a claim for excessive force, Plaintiff does not allege that Officer Magana, Officer Davenport, or Lt. Pardo used any kind of force against him at all.  The theory of liability underlying Plaintiff's claims against these Defendants is therefore unclear.  The Complaint therefore fails to provide Defendants with fair notice of the claims in a short, clear and concise statement.  See Twombly, 550 U.S. at 555.  Accordingly, the Complaint is dismissed with leave to amend.

## IV.

## CONCLUSION

For the reasons stated above, Plaintiff's Complaint is dismissed with leave to amend.  If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a First Amended Complaint.  In any amended complaint, the Plaintiff shall cure the defects described above.  The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action.  It shall not refer in any manner to the original Complaint.  Plaintiff shall limit his action only to those Defendants who are properly named in such a complaint, consistent with the authorities discussed above.

1 | In any amended complaint, Plaintiff should confine his allegations
2 | to those operative facts supporting each of his claims. Plaintiff is
3 | advised that pursuant to Federal Rule of Civil Procedure 8(a), all that
4 | is required is a "short and plain statement of the claim showing that
5 | the pleader is entitled to relief." **Plaintiff is strongly encouraged**
6 | **to utilize the standard civil rights complaint form when filing any**
7 | **amended complaint, <u>a copy of which is attached</u>**. In any amended
8 | complaint, Plaintiff should identify the nature of each separate legal
9 | claim and make clear what specific factual allegations support his
10 | claims. Plaintiff is strongly encouraged to keep his statements concise
11 | and to omit irrelevant details. It is not necessary for Plaintiff to
12 | cite case law or include legal argument.

14 | **Plaintiff is explicitly cautioned that failure to timely file a**
15 | **First Amended Complaint, or failure to correct the deficiencies**
16 | **described above, will result in a recommendation that this action be**
17 | **dismissed with prejudice for failure to prosecute and obey Court orders**
18 | **pursuant to Federal Rule of Civil Procedure 41(b).** <u>**Plaintiff is further**</u>
19 | <u>**advised that if he no longer wishes to pursue this action, he may**</u>
20 | <u>**voluntarily dismiss it by filing a Notice of Dismissal in accordance**</u>
21 | <u>**with Federal Rule of Civil Procedure 41(a)(1). A form Notice of**</u>
22 | <u>**Dismissal is attached for Plaintiff's convenience**</u>.

24 | DATED: August 24, 2011

25 | /S/
26 | _____
    | SUZANNE H. SEGAL
    | UNITED STATES MAGISTRATE JUDGE